Opinion
NEWMAN, J.
Statement of the Case
This case involves the sale of an automobile by one dealer to another. In a nine-count misdemeanor complaint filed November 2, 1987, defendant was charged with violations of Vehicle Code section 5901[1] (failure of a dealer to *Supp. 21 give notice to the Department of Motor Vehicles (hereafter DMV) within five days of a sale or transfer of a vehicle), Penal Code section 135 (destroying evidence), Penal Code section 148 (resisting a public officer in the discharge of his duties), and Vehicle Code[2] section 11713 (delivery of a vehicle, following sale, which does not meet equipment requirements). Before beginning a court trial, the People moved to dismiss all counts except two alleging violations of section 5901.
At trial defendant, who was representing himself, informed the court that “factually there is nothing to discuss in this case.” The parties stipulated to the following: Defendant is the general manager of CO-OP Motors, a licensed dealership. In 1981, the DMV consolidated the federal odometer disclosure requirements into regulation form 396, known as the wholesale report-of-sale form. The “book” copies[3] of form 396 are intended by the DMV to be subject to DMV inspection. On August 20, 1987, when ordered by three DMV investigators to submit the wholesale report-of-sale books, defendant refused to turn over the book copies. He told the investigators that the DMV is without statutory authority to inspect the book copies of form 396.
The parties stipulated that on December 24, 1985, defendant transferred title to a Chevrolet to Sunwest Motors for the purpose of resale, and that on March 20, 1987, he transferred title to a Toyota to Len Sheridan Toyota for the purpose of resale. In both transactions, defendant utilized form 396 as an odometer certification. He did not report either transfer to the DMV. Defendant stipulated that a sale was completed in each transaction.
Phil Chlopek, a special investigator for the DMV, testified the wholesale report-of-sale book informs the dealers to whom the books are issued that section 5901 requires a written notice of the sale of a vehicle to be sent to the DMV. Each book contains a form on which such notifications are to be made.
Defendant testified that section 5901 requires notice of the transfer of a vehicle only when the vehicle is to be registered in the name of a consumer, and section 5906 excludes dealers from the requirements of section 5901.
*Supp. 22 Discussion
“In proceeding with the task of interpretation at hand we are aided by certain general principles of statutory construction. . . . ‘We begin with the fundamental rule that a court “should ascertain the intent of the Legislature so as to effectuate the purpose of the law.” ’ [Citation.] In determining such intent ‘[t]he court turns first to the words themselves for the answer.’ [Citation.] We are required to give effect to statutes ‘according to the usual, ordinary import of the language employed in framing them.’ [Citations.]” (Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist. (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d. 1155].)
Further, “[w]e construe statutes ‘with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts.’ [Citation.] Provisions within an act should be construed so as to accomplish the legislative purpose as determined from the entire statutory scheme. [Citation.]” (Terry York Imports, Inc. v. Department of Motor Vehicles (1987) 197 Cal.App.3d 307, 313 [242 Cal.Rptr. 790].)
Defendant contends the DMV is without legislative authority to seek criminal penalties for a violation of section 5901. He is incorrect. Subdivision (/) of section 40000.7 provides that it is a misdemeanor to violate “[sjection 5901, relating to dealers and lessor-retailers giving notice.” The fact that the DMV is also authorized to proceed civilly does not preclude it from proceeding criminally.
Defendant also contends the prosecutor, DMV investigator and court were without legislative authority to conduct and try his case. He is incorrect. The Office of the Los Angeles City Attorney is the proper agency to prosecute misdemeanor violations of the Vehicle Code involving the DMV which occur in the City of Los Angeles. (Gov. Code, § 41803.5.) The DMV investigator had the responsibility of executing the complaint on behalf of the DMV, since he had personal knowledge of violations of the Vehicle Code. (§ 1650.) The trial court had jurisdiction to hear the case against defendant because he was charged with misdemeanor violations of section 5901 pursuant to section 40000.7.
Defendant also contends section 5901 is merely a notice requirement intended to provide dealers an exemption from liability for vehicles during the time between delivery and registration pursuant to section 4456. Subdivision (a)(2) of section 4456 provides in pertinent part that a “dealer or lessor-retailer shall submit to the Department an application accompanied *Supp. 23 by all fees and penalties due for registration or transfer of registration of the vehicle within 20 days from the date of sale.” Section 4456 further provides that “[t]he dealer or lessor-retailer shall report the sale pursuant to Section 5901.”
Defendant argues that because section 4456.1 imposes civil penalties for violation of section 4456, the entire statutory scheme for dealer notice and registration requirements is civil and not criminal in nature. Dealers registering pursuant to section 4456, however, still have a duty to report the sale pursuant to section 5901. Section 4456 does not help defendant because it requires dealers to give notice in addition to registering. Failure to provide such notice may result in the criminal penalties set forth in section 40000.7. The fact that civil penalties for nonregistration are also authorized does not relieve defendant of criminal liability for failing to give notice pursuant to section 5901.
Defendant claims that the notice and registration requirements apply only when the vehicle is to be registered in the name of a consumer. The failure of the Legislature to specifically mention “wholesale” dealers in the legislation is not significant. It is clear that the Legislature intended to regulate dealers as a class and not to differentiate between “wholesale” and “retail” dealers. Defendant is a dealer and therefore is required to register and give notice.
Defendant’s position that the DMV is without authority to alter, amend or extend the legislative purpose of section 5901 is correct. The DMV is merely enforcing section 5901 as it is interpreted in conjunction with section 40000.7. (Terry York Imports, Inc. v. Department of Motor Vehicles, supra, 197 Cal.App.3d 307, 313.) The DMV investigators were acting pursuant to the authority granted them under sections 5901 and 1650 when they ordered defendant to submit the wholesale report-of-sale books.
Defendant next contends that section 5600 exempts dealers from compliance with section 5901 when they are exempt under section 5906. Section 5600 exempts certain dealers from transfer requirements. Section 5906 is specifically mentioned in section 5600 as relieving a dealer from transfer requirements. Section 5906 states: “When the transferee of a vehicle is a dealer who holds the same for resale and operates or moves the same upon the highways under special plates, the dealer is not required to make application for transfer, but upon transferring his title or interest to another person he shall comply with this division.”
Defendant argues section 5906 exempts dealers from compliance with section 5901 if they are acquiring vehicles for the purpose of resale. *Supp. 24 Defendant is correct insofar as section 5906 constitutes an exception to the notice requirements of section 5901, but he is mistaken in the belief that section 5906 applies to him.
Interpreting section 5906 in accordance with the rules of statutory construction set forth above, we conclude that a dealer is not required to apply to the DMV for a transfer until he sells a vehicle, but then he must apply for transfer. Section 5906 does not excuse defendant since he did sell the vehicles. Accordingly, he was required to give notice of these transfers.
Conclusion
Defendant was required to give notice to the DMV within five days after transfer by sale of the vehicles. His failure to do so in each instance constituted a violation of section 5901.
The judgment is affirmed.
Margolis, P. J., and Roberson, J., concurred.

 Vehicle Code section 5901 provides: “(a) Every dealer or lessor-retailer, upon transferring by sale, lease, or otherwise any vehicle, whether new or used, of a type subject to registration under this code, shall, not later than the end of the fifth calendar day thereafter not counting the day of sale, give written notice of the transfer to the department at its headquarters upon an appropriate form provided by it.
“(b) Except as otherwise provided in this subdivision or in subdivision (c), in the case of a vehicle under 6,001 pounds, manufacturer’s maximum gross vehicle weight rating, the dealer or lessor-retailer shall indicate on the form the actual mileage of the vehicle as indicated by the vehicle’s odometer at the time of the transfer. However, if the vehicle dealer or lessor-retailer has knowledge that the mileage displayed on the odometer is incorrect, the licensee shall indicate on the form the true mileage, if known, of the vehicle at the time of the transfer. A vehicle dealer or lessor-retailer need not give the notice when selling or transferring a new unregistered vehicle to a dealer or lessor-retailer.
“(c) When the dealer or lessor-retailer is not in possession of the vehicle that is sold or transferred, the person in physical possession of the vehicle shall give the information required by subdivision (b).
“(d) A ‘sale’ shall be deemed completed and consummated when the purchaser of that vehicle has paid the purchase price, or, in lieu thereof, has signed a purchase contract or security agreement, and taken physical possession or delivery of that vehicle.”

 All further statutory references are to the Vehicle Code.

 Form 396 is a quadruplicate form. The first copy is to be completed by the dealer and mailed to the DMV within five days of a transfer or sale. The second copy is to be delivered by the seller to the buyer of a vehicle. The third copy is for the seller’s records. The last portion is a book copy that contains the identification number of the dealer who sold the car, the identification number of the dealer who bought the car, the date, the odometer reading, and the vehicle identification number. This copy is intended to remain in the wholesale report-of-sale book.